# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

**EDDIE GENE EVANS**                                    **CIVIL ACTION NO. 3:14-cv-3285**
    **LA. DOC #110861**
**VS.**                                                                          **SECTION P**

                                     **JUDGE ROBERT G. JAMES**

**WARDEN JERRY GOODWIN**                    **MAGISTRATE JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Pro se petitioner Eddie Gene Evans filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 17, 2014. Petitioner is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the David Wade Correctional Center, Homer, Louisiana. Petitioner claims that his custody is unlawful because it resulted from a series of Due Process violations that occurred during the course of parole revocation proceedings conducted in Wisconsin and Louisiana; he also complains that he was not afforded credit for time served in Wisconsin against his Louisiana sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available State court remedies prior to filing his federal petition for *habeas corpus*.

### *Statement of the Case*

On November 17, 2014, petitioner filed a rambling hand-written 19-page "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241."  Petitioner claimed, or

implied,  in these pleadings that he is in custody in violation of the Constitution and laws of the United States. In support thereof he asserted a convoluted history and a series of four "Issues and Questions." Read liberally, these "Issues and Questions" may be paraphrased as follows to assert the following claims for relief:

(1) Petitioner claims – (a) that <u>he was denied a preliminary and final revocation hearing in violation of La. R.S.15:574.9(a)</u>; (b) that his parole was automatically <u>violated without notice pursuant to La. R.S.15:574.10</u> based on his conviction for armed robbery in Wisconsin in a criminal prosecution assigned Docket No. 2003-cf-1002 even though Wisconsin officials had previously determined that there was insufficient probable cause to revoke parole supervision with regard to that felony.

(2) Petitioner claims that he was <u>denied due process at both the preliminary and final revocation proceedings because (a) he did not receive notice of either hearing; (b) he was not advised of his rights; (c) he did not receive notice of the September 8, 2009 termination of parole order; (d) he did not receive written notice of the allegations to be considered at his February 5, 2010 or April 16, 2012 revocation hearings; (e) he did not receive written final revocation decision; (f) having been advised on June 9, 2004 that no action would be taken on his parole supervision until he returned to Louisiana, his Louisiana parole supervision was automatically violated without notice on February 5, 2010 or April 16, 2012.</u>

(3) He was <u>denied due process when the Louisiana Parole Board delayed the revocation of his parole from April 22, 2003 until February 5, 2010 or April 16, 2012.</u>

(4) Petitioner is entitled to receive credit against his Louisiana sentence for the time served in Wisconsin pursuant to his conviction in case number 2003-cf-1002 since the Judge in

Wisconsin ordered his sentence to be served concurrently with his Louisiana sentence. [Doc. 1, pp. 6-7] (Emphasis supplied)

Petitioner filed an amended petition on November 25, 2014.  He alleged his claims for relief as follows, "Denial of Due Process Notice/Prejudice by length of time/Parole was terminated when revocation occurred; allegations invalid/Denial of a Due Process Revocation of parole hearing – LSA R.S.15:574.9. Parole violation sentence was not given [illegible] credits/ was not give Acts 792 and R.S.15:574.9(E) credits/not properly started on the revocation date, Day v. Perry/ICAOS Rule5-108(g)." [Doc. 5, ¶12]

### Law and Analysis

Petitioner is "... in custody pursuant to the order of a State court..." and therefore his petition arises under 28 U.S.C. §2254. Among other things, the statute provides in pertinent part:

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgement of a State court shall not be granted unless it appears –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.  28 U.S.C. §2254(b)(1)(A) and (B).

The statute codifies decades of federal jurisprudence which require a state prisoner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. *See*: *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983);  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999);  *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d

384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

As noted above, petitioner, in essence, raises two claims for relief. First, petitioner contends that his Louisiana parole was revoked in violation of his right to Due Process because he was not afforded proper notice, or a proper and timely hearing, nor was he advised of his rights, nor was he provided a written judgment outlining the reasons for revocation; and, second,

petitioner claims that he is entitled to credit against his Louisiana sentence for time served in Wisconsin following his conviction there.

Following the revocation of his parole, state court remedies were available to the petitioner. La. R.S. 15:574.11(A) provides, "No prisoner or parolee shall have a right of appeal from a decision of the board regarding ... the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9." This statute has been interpreted by the Louisiana Courts to provide for judicial review of parole revocation proceedings "... where the parolee has alleged in his petition for judicial review that his right to a revocation hearing has been denied, or the procedural due process protections specifically afforded by LSA-R.S. 15:574.9 in connection with such a hearing were violated ..." See *Leach v. Louisiana Parole Bd.*, 2007-0848 (La. App. 1 Cir. 6/6/2008), 991 So.2d 1120, 1124 (quoting *Madison v. Ward*, 2000-2842 (La. App. 1 Cir. 7/3/2002), 825 So.2d 1245); see also *Bertrand v. Louisiana Parole Board*, 2006-0871 (La.App. 1 Cir. 3/28/07), 960 So.2d 979 (La. R.S. 15:574.11(C), which provides, "The district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9. The review shall be conducted by the court without a jury and shall be confined to the revocation record.... The court may affirm the revocation decision of the Board of Parole or reverse and remand the case for further revocation proceedings. An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal..." gives the district court appellate jurisdiction over alleged violations of La. R.S.15:574.9 by the Parole Board at a revocation hearing.) Subsection B of the same statute provides, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests any action of the board shall be in the parish of East Baton

5

Rouge. Venue in a suit contesting the actions of the board shall be controlled by this Part and R.S. 15:571.15 and not the Code of Criminal Procedure, Title XXXI-A, Post Conviction Relief, or Title IX, Habeas Corpus, regardless of the captioned pleadings stating the contrary."

As noted, petitioner's first three claims allege that he was denied  due process with regard to the conduct of, or failure to conduct, his parole revocation hearing. He was thus obliged under the statute to seek judicial review of his parole revocation.

As noted above, La. R.S. 15:571.11(C) provides, "The district court shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9. The review shall be conducted by the court without a jury and shall be confined to the revocation record ... The court may affirm the revocation decision of the Board of Parole or reverse and remand the case for further revocation proceedings. An aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal."

Thus, it appears that petitioner was obliged to seek review of the Parole Board's actions by filing a petition for review in Louisiana's Nineteenth Judicial District Court, the Judicial District embracing East Baton Rouge Parish.  Thereafter he was obliged to seek further review in Louisiana's First Circuit Court of Appeal. See *Madison v. Ward*, 2000-2842 (La. 1 Cir. 7/3/2002), 825 So.2d 1245, 1251, footnote 7. (Therein the court noted that the prior version of R.S.15:574.11 permitted judicial review of Parole Board actions which were alleged to be in violation of 15:574.9; and that such review could be accomplished as provided in the amended version of the statute – an appeal to the Nineteenth Judicial District Court and then to the First Circuit Court of Appeals if necessary. Or, as stated by the Court, "Pleadings alleging a denial of a revocation hearing under La. R.S. 15:574.9, however styled, should be reviewed on the merits

by the (19th Judicial) district court acting in its appellate capacity; the district court's affirmation, modification, or reversal of the board's action would likewise be reviewable under this [First Circuit] court's supervisory jurisdiction.") See also *Bertrand v.. Louisiana Parole Board*, 2006-0871 (La.App. 1 Cir. 3/28/2007), 960 So.2d 979 and *Leach v. Louisiana Parole Bd.*,2007-0848 (La. App. 1 Cir. 6/6/2008), 991 So.2d 1120, which discuss the current version of the statute; and, thereafter, if unsuccessful,  in the Supreme Court.

In short, petitioner did not properly exhaust his federal due process claims by fairly presenting them to the Supreme Court of Louisiana in a procedurally correct manner. Therefore, his due process claim remains unexhausted.

Petitioner did in fact litigate claims in the Nineteenth Judicial District Court, the First Circuit Court of Appeal, and the Louisiana Supreme Court, however, the claims raised in those earlier proceedings were not identical to the claims raised herein. When he filed his first *habeas corpus* petition in the Nineteenth Judicial District Court, he was still in the custody of the State of Wisconsin and he contested the right of the State of Louisiana to place a detainer on him. He asked the Court to "quash" the Parole Board's detainer and place him back on parole in Wisconsin. The District Court, citing the provisions of La. R.S.15:574.11, which, as noted above, prohibits judicial review of Parole Board decisions except in cases where the due process guarantees of 15:574.9 have been denied, ruled that petitioner failed "... to state a cause and/or right of action..." [*See Eddie Gene Evans v. Louisiana Parole Board*, Docket No. 593,908 of the Nineteenth Judicial District Court, Commissioner's Screen Report dated Nov. 4, 2010, Judgment of the District Court signed December 13, 2010. Doc. 1-1, pp. 70-75] His subsequent writ application to the First Circuit Court of Appeal was assigned Docket No. 2011-CA-0650 and

7

was denied by the Court of Appeal on December 21, 2011. In denying relief, the Court of Appeal noted, "Since the petition in this case did not state facts from which the court could determine that a final revocation hearing had been held or denied, the petition failed to state a cause of action... This court has reviewed the record and finds no error in the district court's judgment. Pursuant to LSA-R.S.15:574.11, the district court had no authority to review the LPB's decision to issue a detainer, and Evans' petition was properly dismissed." *Eddie Gene Evans v. Louisiana Board of Parole*, No. 2011-CA-0650 (La. App. 1 Cir. 12/21/2011) at Doc. 1-1, pp. 76-78] A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments reviewing that case.

The published jurisprudence also reveals that petitioner filed another writ of *habeas corpus* in the Nineteenth Judicial District Court under Docket No. 612,652. When he filed that petition, he was apparently still in custody in Wisconsin and apparently complained again about the Louisiana detainer and about the proposed revocation of his probation. He did not raise a due process claim; nor did he clearly establish any violation of due process with regard to the revocation of probation. When relief was denied, he sought review in the First Circuit and on June 7, 2013 that Court denied relief noting, "Regardless of whether appellant is seeking to have the detainer removed or complaining of the alleged revocation of his parole, his petition fails to state a cause of action. Despite appellant's allegations that his parole was revoked, a July 12, 2004 letter from the Department that is attached to the petition indicates no action will be taken to formally revoke appellant's parole until he is returned to the physical custody of the Department, which has not happened. Thus, the status of appellant's parole is unclear. However, we note that <u>appellant has not alleged a specific decision by the Louisiana Board of Parole</u>

revoking his parole. In any event, even if appellant's parole actually has been revoked, he has raised no valid basis for challenging such revocation." Petitioner also claimed that he was entitled to credit against his Louisiana sentence for the time served in Wisconsin. However, the Court of Appeal refused to address that issue noting petitioner's failure to administratively exhaust that claim within the Louisiana Department of Corrections. *See Evans v. Louisiana Bd. of Parole*, 2012-CA-2053 (La. App. 1 Cir. June 7, 2013) 2013 WL 2488943. Petitioner then sought review in the Louisiana Supreme Court, presumably raising the same claims as were raised in the District Court and Court of Appeals; however, that court denied writs without comment on February 28, 2014. *Eddie Gene Evans v. Louisiana Parole Board, et al.*, 2013-1873 (La. 2/28/2014), 134 So.3d 1171.

It thus clearly appears that petitioner did not exhaust his due process claims in the Louisiana Courts prior to filing his federal petition.

Nor does it appear that he exhausted his sentencing claim. Petitioner apparently raised the claimed that he was entitled to credit against his Louisiana sentence for the time served in Wisconsin. However, the Court of Appeal refused to address that issue noting petitioner's failure to administratively exhaust that claim within the Louisiana Department of Corrections. *See Evans v. Louisiana Bd. of Parole*, 2012-CA-2053 (La. App. 1 Cir. June 7, 2013) 2013 WL 2488943.

Having been made aware of the administrative exhaustion requirement, petitioner, on September 11, 2014, submitted a first step grievance concerning his sentence to officials at the David Wade Corrections Center. The grievance was assigned Case number DWCC-2014-0979 and was denied on October 8, 2014. [Doc. 1-1, p. 31] His appeal to Department headquarters was

denied on October 20, 2014. [Doc. 1-1, p. 30] Petitioner apparently did not return to the Louisiana Courts seeking review of the sentencing issue after having exhausted administrative remedies.

### *Conclusion and Recommendation*

In other words, petitioner was required to exhaust his due process claims by presenting those claims to the District Court, the Court of Appeals, and the Supreme Court. It appears that while he litigated claims concerning Louisiana's detainer, he did not argue, as he does here, that his due process rights were violated by the Louisiana Parole Board when it failed to provide proper notice, or a proper and timely hearing, or a proper advice of rights, or a written judgment outlining the reasons for revocation. Further, it is also clear that he failed to exhaust the issue of credit for time served; indeed, it appears that he raised that claim in the State courts prior to exhausting his administrative remedies.

Therefore,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to filing his federal petition.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

10

legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 26, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

11